UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JOHN DOUGLAS AIKENS,<br>  Plaintiff, | )<br>)<br>) |
| v. | )  No. 3:09-CV-73<br>)  (Phillips/Guyton) |
| UNITED STATES DEPARTMENT<br>OF VETERANS AFFAIRS,<br>  Defendant. | )<br>)<br>)<br>) |

**MEMORANDUM OPINION**

Plaintiff has brought this action, *pro se,* against the Department of Veterans Affairs (VA) to prevent the cessation of his Veterans Benefits. The VA has moved to dismiss plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 38 U.S.C. § 511(a) of the Veterans Judicial Review Act (VJRA). Plaintiff has responded in opposition. Because this court lacks jurisdiction over plaintiff's complaint, the VA's motion to dismiss will be granted and this action dismissed.

I. Statement of Facts

The facts are taken from the declaration of K. M. Wick[1] filed in support of the VA's motion to dismiss: On July 3, 2008, the VA issued correspondence to plaintiff advising him that information had been received indicating that the Lancaster Police

---

[1] K.M. Wick is a Fugitive Felon Coordinator with the United States Department of Veterans Affairs.

Department in Lancaster, South Carolina, had issued a warrant for his arrest on May 9, 1998, and the warrant for arrest was still pending. Plaintiff was instructed to provide official documentation from the warranting agency stating that the matter had been resolved in order to halt further withholding of his VA benefits pursuant to the fugitive felon provisions of Public Law 107-103, 115 Stat. 976, 995-96 (2001).

On July 16, 2008, the VA received plaintiff's response and documentation indicating the warrant had recently been cleared and recalled. On October 28, 2008, correspondence was issued by the VA to plaintiff notifying him that his VA pension benefits had been stopped as of December 27, 2001 through January 29, 2008 for the applicable period of time that the VA believed that plaintiff was a fugitive felon.

On November 8, 2008, the VA issued a notification letter to plaintiff informing him that an overpayment of $20,473.26 in VA pension benefits had been paid to him and that plaintiff's VA benefits would start being withheld on February 9, 2009 until the overpayment was recouped.

On February 26, 2009, plaintiff filed the instant complaint seeking a writ of mandamus to order the VA to continue making his VA benefit payments. On March 20, 2009, plaintiff filed an amended complaint, adding a claim for intentional infliction of emotional distress.

On June 30, 2009, the VA received information regarding plaintiff's case which suggested that plaintiff's benefits were erroneously stopped as the previously outstanding warrant was for a misdemeanor violation (not for a felony, as previously believed). Plaintiff's case was immediately reviewed and his eligibility restored. On July 1, 2009, the VA issued correspondence to plaintiff notifying him that it had corrected the error and restored plaintiff's eligibility for VA benefits continuously, thus eliminating the overpayment and the dispute.

A review of plaintiff's current benefit status on July 15, 2009 indicates his last benefit payment was paid on July 1, 2009, and in fact no benefit payments were ever withheld.

## II. Standard for Motion to Dismiss

A motion to dismiss a complaint filed against the United States on the ground that the plaintiff's claim is barred by the doctrine of sovereign immunity is properly treated as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), Federal Rules of Civil Procedure, *Cooley v. United States,* 791 F.Supp. 1294, 1298 (E.D.Tenn. 1992). In resolving the factual conflict to determine whether jurisdiction exists, the court has broad discretion to consider affidavits and documents outside the pleadings in ruling on the motion under Rule 12(b)(1) without converting the motion into one for summary judgment. *Id.* at 1298. When a defendant raises the issue of subject matter jurisdiction, the plaintiff generally bears the burden of establishing jurisdiction. *Moir v. Greater Cleveland Regional Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990). While complaints filed

by *pro se* litigants are entitled to a liberal construction (*Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999)), "that 'less stringent' standard, however, does not entitle *pro se* parties to succeed on the mere basis of conclusory allegations and futile claims." *Id.* at 715.

### III.  Jurisdiction of the Board of Veterans Appeals

Plaintiff's claims arise from his notification by the VA that it intended to reduce/stop his benefit payments.  VA decisions under laws affecting benefits are subject to appeal within the VJRA.  Such appeals are taken first to the Board of Veterans Appeals, an appellate body with the VA, and are thereafter within the exclusive jurisdiction of the Veterans Court.  *See* U.S.C. §§ 511(a), 7104(a), 7252(a).  The Veterans Court has broad power to decide constitutional matters, to compel action unlawfully withheld or unreasonably delayed, and to issue writs of mandamus directing action by the VA.  38 U.S.C. § 7261(a); *Bates v. Nicholson*, 398 F.3d 1355, 1359 (Fed.Cir. 2005); *Beamon v. Brown,* 125 F.3d 965, 968-70 (6th Cir. 1997).  Appeal from decisions of the Veterans Court is limited to review by only two Article III federal courts: the United States Court of Appeals for the Federal Circuit and, lastly, the United States Supreme Court.  *In re Russell*, 155 F.3d 1012, 1013 (8th Cir. 1998).

Section 511, as amended by the VJRA and the Veterans Affairs Codification Act, Pub. L. No. 102-83, § 2(a), 105 Stat. 378, 388 (1991), provides in pertinent part that:

> The Secretary [of Veterans Affairs] shall decide all questions
> of law and fact necessary to a decision by the Secretary under
> a law that affects the provision of benefits by the Secretary to
> veterans or the dependents or survivors of veterans. . . . [T]he
> decision of the Secretary as to any question shall be final and

4

> conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

The express language of § 511(a) is clear – no decision that affects the provision of veterans benefits may be reviewed by any court by mandamus or otherwise. The Sixth Circuit has routinely upheld dismissal of cases such as the one before the court for lack of jurisdiction pursuant to § 511(a). *See Thompson v. Veterans Administration*, 2001 WL 1136024 (6th Cir. Sept. 20, 2001); *Newsom v. Dept of Veteran Affairs*, 2001 WL 493381 (6th Cir. May 1, 2001); *Hayden v. Dept of Veterans Affairs*, 1999 WL 313890 (6th Cir. May 4, 1999). Accordingly, pursuant to § 511(a), the court finds that plaintiff's claims, which arise from a decision of the VA to reduce his benefits, shall be dismissed for lack of subject matter jurisdiction.

## IV. VJRA Preemption of State Tort Claim

The court finds that determination of plaintiff's tort claim for intentional infliction of emotional distress would necessitate a consideration of issues of law and fact involving the decision to reduce his benefits, a review specifically precluded by §511(a). In *Hicks v. Small*, 69 F.3d 967 (9th Cir. 1995) the Ninth Circuit upheld the dismissal for lack of subject matter jurisdiction of claims of intentional infliction of emotional distress purportedly arising from a decision by the VA to reduce benefits. *Id.* at 970. This court agrees with the reasoning of the Ninth Circuit on this issue. Accordingly, plaintiff's claim for intentional infliction of emotional distress will be dismissed for lack of subject matter jurisdiction.

5

<u>V. Conclusion</u>

For the reasons stated above, the VA's motion to dismiss pursuant to Rule 12(b)(1) and 38 U.S.C. § 511(a) of the Veterans Judicial Review Act [Doc. 18] is **GRANTED**, and this action is **DISMISSED IN ITS ENTIRETY, WITH PREJUDICE.**

Any remaining motions are **DENIED AS MOOT.**

        **ENTER:**

        <u>s/ Thomas W. Phillips</u>
        United States District Judge